CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 12 2007

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RAY MARTIN,<br>    Plaintiff, | ) <br>) | Civil Action No. 7:07-cv-00128 |
| v. | ) <br>) | **MEMORANDUM OPINION** |
| MEDICAL DEPARTMENT, <u>et al.</u>,<br>    Defendants. | ) <br>) <br>) | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Ray Martin, a Virginia inmate proceeding <u>pro se</u>, brings this action pursuant to 42 U.S.C. § 1983. By order entered March 20, 2007, this court conditionally filed his complaint and asked Martin to amend his petition to name a proper defendant, show exhaustion of his claim, and particularize the facts of his claim. Martin responded by filing additional evidence in which he names Captain Meadows and Dr. Laurence Wang as defendants and states they denied him adequate medical treatment. The court construes this additional evidence as a motion to amend his complaint and grants that motion. Martin does not provide any additional evidence that he completely exhausted his claim through the institution's grievance procedure. Accordingly, because Martin has not fully exhausted his administrative remedies before filing this action, the court dismisses his suit pursuant to 42 U.S.C. § 1997e(a).[1]

---

[1] Furthermore, even if his claim was exhausted, this action would nevertheless be dismissed. To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a <u>person</u> acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42 (1988). As the Medical Department is not a "person" subject to suit under § 1983, Martin cannot maintain his action against the Medical Department. <u>See</u> <u>McCoy v. Chesapeake Correctional Center</u>, 788 F. Supp. 890 (E.D. Va. 1992).

    In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); see also <u>Rish v. Johnson</u>, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. <u>Wright v. Collins</u>, 766 F.2d

1

## I.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In his complaint, Martin states that he submitted a grievance form to the institution but that he had not received a response back at that time. As an attachment to his complaint, Martin provides a copy of the grievance he filed on March 12, 2007 which Major Witcher responded to on March 13, 2007. Martin signed and dated his complaint on March 12, 2007 and it was postmarked on March 15, 2007. The Danville Adult Detention Center, where Martin is housed, has at least one level of appeal in its

---

841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

    Martin concedes that he received "pills . . . as treatment" and further provides a letter from Major Witcher in response to his initial grievance which states that Martin was seen by the medical department, including the doctor, on March 6, 2007 where they determined that no further evaluation or medical treatment was necessary. Martin does not contest this statement by Major Witcher. Accordingly, though Martin may desire a trip to the hospital or further evaluation of his back, the court finds his claims amount to nothing more than a patient-doctor disagreement regarding diagnosis and proper course of treatment, which is not actionable under the Eighth Amendment. Therefore, Martin's claim against Dr. Wang fails.

    Finally, a medical treatment claim cannot be brought against a supervisory official absent an allegation that the official was personally connected with the denial of medical treatment. Vinnledge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Martin makes no such allegation regarding defendant Captain Meadows and, therefore, the court finds that Martin has not alleged a claim of constitutional magnitude against Captain Meadows.

grievance procedure as indicated on its grievance form. The court gave Martin the opportunity to show that he had fully exhausted his claim by appealing Major Witcher's response in the short period of time that lapsed between the day he filed his grievance and the day he filed his complaint, however, he did not respond. Clearly, there was not enough time for him to appeal his grievance to the highest level of the institution's grievance procedure before he filed the instant complaint. Accordingly, the court finds that Martin has not exhausted all available administrative remedies.

## II.

For the reasons stated, Martin's petition is dismissed pursuant to §1997e(a) for failure to exhaust.

ENTER: This 12th day of April, 2007.

United States District Judge